Winslow *v.* Mosher.

---

## Jeremiah Winslow *versus* Daniel Mosher.

St. 1821, c. 85, requiring depositions taken *in perpetuam* to be recorded in the registry of deeds, applies to depositions taken by a Notary Public by virtue of st. 1821, c. 101, § 4, and unless so recorded, they are not admissible in evidence on the trial of civil causes.

It is not enough that they are recorded upon the books of the Notary Public.

Assumpsit for use and occupation.

At the trial before Emery J. the defendant offered the deposition of Abraham Anderson, who was proved to be unable to attend court, taken *in perpetuam* at the defendant's request by C. B. Smith, Notary Public. Notice of the taking of said deposition, and that the deposition was to be used in the present suit, was duly served on the counsel for the adverse party. It appeared by the Notary's certificate, that the deposition was duly recorded upon his own records. The deposition had never been recorded in the Registry of Deeds. The counsel for the plaintiff objected to the introduction of the deposition, but it was admitted — and exceptions were filed on that account.

There were exceptions to other rulings of the presiding judge, but as the cause was decided upon the question presented by the preceding facts, they are not reported.

*Fox*, for the plaintiff. The deposition of Anderson was inadmissible, because not recorded in the Registry of Deeds. St. c. 101, § 4, which authorizes a Notary to take a deposition *in perpetuam*, neither makes it evidence in any suit, nor prescribes what notice should be given, nor the form of the caption. The general law in relation to those depositions, *is to be found* in st. 1821, c. 85, which requires them to be recorded in the Registry of Deeds. Were that act abolished, there would be no act authorizing their use as evidence. *Goodwin* v. *Mussey,* 4 Greenl. 90. Policy requires them equally to be recorded, whether taken by a Notary, or by two justices.

*F. O. J. Smith*, for the defendant. At common law *viva voce* testimony only was admissible. *Amory* v. *Fellowes*, 5 Mass. R. 221. The right to take depositions is derived wholly from statute provisions, and if they are not complied with, the deposition cannot be used. *Bradstreet* v. *Baldwin*, 11 Mass. R. 233.

The inquiry then arises, what does the statute require to be done in relation to depositions taken *in perpetuam* by a Notary Public? The act of March, 1821, c. 101, authorizes a Notary Public to take deposition *in perpetuam*. Section 5, of this statute, provides that the Notary shall note and record at length in a book of records to be kept for that purpose, all acts, protests, *depositions*, &c. These requisitions are all complied with in this case.

There is no statute requiring more. St. 1821, c. 85, relates only to depositions taken in perpetual remembrance, &c. by two justices — and those depositions alone are required to be recorded in the registry of deeds. This statute was a substitute for a bill in chancery to perpetuate testimony. *Welles* v. *Fish & al.* 3 Pick. 77. Justices of the peace were by no statute required to extend upon a record kept by them, any depositions which they may take. But Notaries, being required to keep a record of depositions by them taken, there is

no necessity of their being again recorded — nor was such the intention of the legislature in regard to those depositions.

The deposition being properly taken and recorded, the adverse party being duly notified, it was properly admitted by virtue of St. 1823, c. 211.

. The opinion of the Court was delivered by

Whitman C. J. — This action was tried at the Nov. Term of this Court, 1840. The plaintiff offered in evidence a deposition taken *in perpetuam,* by a notary public, and duly recorded in his office, but not elsewhere. The Court admitted it, though objected to by the defendant, who thereupon tendered a bill of exceptions, on account of this and other supposed errors in the ruling of the Court, which was duly allowed and signed. The question first in order to be decided is — was this deposition admissible? If not, the other exceptions need not be noticed.

The statute concerning notaries public, passed in 1821, authorises them to take depositions *in perpetuam,* and requires them to record all their notarial acts, and depositions, by them taken, in books to be by them kept for the purpose. The statute is silent as to the further recording of depositions so taken, in the registry of deeds, and also as to their being admissible in evidence, when so taken, under any circumstances.

The other enactments, concerning the taking of depositions *in perpetuam,* before other magistrates, required, that they should be recorded in the registry of deeds, within a specified time; upon which they, or copies of them from the registry, under certain circumstances, were to be admissible in evidence, in trials at law. This species of testimony is never so admissible, unless by special enactment for the purpose. There being none such, in reference to depositions taken and recorded as this was, we cannot consider it as having been correctly admitted at the trial.

*The exceptions are therefore sustained,*
*and a new trial granted.*