Per Curiam.

The question arising upon this case is, not whether the facts offered in evidence by the defendant were not sufficient to cast upon the plaintiff the necessity of showing that he gave a valuable consideration for the note, but whether the endorsor was a competent witness to prove those facts. He was, called to prove, among other things, this fact, that after the note was duly executed and endorsed, it was delivered to a third person to carry to the bank for discount, and that instead of doing this, he placed it in the hands of a broker. Here was a breach of trust in the third person. The maker probably intended to bor= row money for his own use from the bank, on the credit of the note; and it is the same thing as if the third person had lost the note, in going to the bank, and the tinder had put it into circulation, *234 as was the case in Grant v. Vaughan. (3 Burr. 1516.) The note was put into circulation by fraud, and the holder in such a case is bound to show himself a bona fide possessor, and if he omits to do this, it will be a question for a jury, whether there is or is not a male fide possessio. (Peacock v. Rhodes, Doug. 633. Conroy v. Warren, 3 Johns. Cas. 259. Solomens v. The Bank of England, 13 East, 134. n.) The endorser was not called to invalidate the note in its inception and creation, by showing force or fraud, or that the consideration was corrupt or illegal, but he was called to show that after it had been regularly drawn and endorsed, and delivered to a third person, for a particular purpose, lawful in itself, and consistent with the validity of the note, that third person deceived them, and fraudulently circulated the note. The principle sanctioned by the case of Winton v. Saidler, (3 Johns. Cases, 185.) which excludes the party to negotiable paper from invalidating it, as a witness, does not apply to this case. Such persons have been admitted under that rule, to testify to facts sub~ sequent to the due execution of the note, and which go to destroy - the title of the holder. The cases of Webb v. Danforth, (1 Day, 301.) Parker v. Hanson, (7 Tyng’s Mass. T. R. 470.) Charrington v. Milner, (Peake’s Cas. 6.) and Barber v. Arnold, (1 Caines’ Rep. 258.) all concur in establishing this point.
A new trial ought, therefore, to be awarded, with costs to abide the event of the suit.
New trial granted.