## WILSON *against* BOERUM.

*Declarations in extremis, when admissible in civil cases.*

THIS was an action on a promissory note, made by one Schieffelin, in favor of the defendant, by him indorsed to one Brown, and by him to plaintiff. The defence was, that the note had been made for the purpose of raising money for the benefit of Schieffelin, by discounting it, and had been delivered by Brown to the plaintiff for that purpose, who had applied it to his own use.

The defendant offered to prove this fact by the declaration of Brown, while *in extremis.*

*Sampson* contended, that such evidence was only admissible in criminal cases.

*Van Wyck*, contra.

VAN. NESS, J. The same principles which make dying declarations evidence in criminal cases, make them *a fortiori* evidence in civil cases. They are to be received with great caution, and ought to be disregarded by a jury, if unsupported by circumstances testified to in the cause. There is no case in our own books, in which this point is decided. I have had occasion to consider it in an important case, in another county, and am decidedly in favor of the admissibility of the evidence. There are two cases in the English books, in which such declarations were received in civil cases.

Wilson v. Boerum.

The defendant then proved that Brown died of a consumption, and that, when all hopes of recovery were at an end, and after he considered himself a dying man, he told his wife, in a private conversation, that the note in controversy had been drawn and indorsed for the purpose of getting it discounted for Schieffelin, the maker; that it was delivered to the plaintiff for that purpose; that he never paid any value for it; and, instead of applying it to the purpose for which it was made, he had converted it to his own use, by pledging it for a debt. Vide *Woodhull* v. *Holmes*, 10 John. 231.

Verdict for defendant.(1)

(1) In August term, 1818, this verdict was set aside, and a new trial ordered. The court being of opinion that the declarations of Brown, ought not to have been received in evidence. The chief justice, in delivering the opinion of the court, said, that no case, either in the English courts or in our own, had fallen under his observation, where such evidence had been admitted in a civil suit. *Wright ex dem. Clymer* v. *Little*, 3 Burr. 1244; 1 W. Bl. 345; and *Aveson* v. *Lord Kinnaird*, 6 East, 188, which are probably the two cases alluded to by the judge at *Nisi Prius*, are commented on by the chief justice in his opinion, and considered by the court as not supporting, in any manner, the rule contended for by the defendant. And, upon a full review of all the English cases, the court decided that declarations *in extremis*, are inadmissible evidence, except in the single case of homicide. 15 Johns. 286.