The opinion of the court was delivered by
Tilghman, C. J.
This was a scire facias on a mortgage. It is confessed, that the contract was usurious, and the question is, Whether the mortgage was void, or the plaintiff entitled to recover the amount of the sum loaned, with legal interest ? The case depends on the act of the 2d of March, 1723, (1 Sm. L. 156.) By the first section of this act, “No person shall, directly or indirectly, for any bonds or contracts, take, for the loan, or use of money, or any other commodities, above the value of six pounds for the forbearance of one hundred pounds, or the value thereof, for one year, and so proportionably for a greater or lesser sum.” And by the second section, provision is made, for recovering against any person who shall receive or take more than than six pounds per centum per annum, on any such bond or contract, the amount of the money or other thing lent. If we are to abide by the words of this law, there is no offence unless the money is received, neither is the contract declared to be void. And that it was not the intent of the act, to render the the contract totally void, may be presumed from this circumstance, that the first section appears to have been copied from the English statute of 12 Anne, c. 16.; but the subsequent part of that statute, by which the contract is declared void, is omitted in our law. There is great reason to think, that the ancient and uniform construction put upon the act of assembly, has been, that the contract was not void; for it was so expressly decided by this court, nearly forty years ago, in the case of Wycoff v. Longhead, (2 Dall. 92,) nor have we ever heard that decision questioned. It would be unwarrantable therefore in us, to unsettle the law, merely because a general principle has lately been established, that courts of justice will not give redress on any contract which has been made contrary to law. To say that this contract was so contrary to the act of assembly, as to make the recovery of the just debt and interest improper, is begging the question, and directly in opposition to the construction established by practice, decision, and general acquiescence. We are therefore of opinion, that the Court of Common Pleas were right in their judgment, that the sum actually loaned, witli legal interest, might be recovered.
Judgment affirmed.