Wilde J.
_ _ delivered the opinion of the Court. It appears by the report of the case, that only two questions of law were raised at the trial: — 1. Whether the consideration proved, were sufficient to support the promise ; — 2. And if so, whether the note subsequently given amounted to payment, and discharged the promise.
That the note was given subsequently to the promise de • dared on, seems to be sufficiently proved, and we consider the fact as established by the verdict. It was not questioned at the trial; on the contrary, the defendant then contended that the note, being negotiable, discharged the promise, and was a payment of the balance now claimed. And t would have been, but for the avoidance of it by the defendant. That this avoidance lets the plaintiff into his previously existing demand against the defendant, is proved by the case of Johnson v. Johnson, 11 Mass. R. 359.[1]
As to the question of consideration, it appears that the plaintiff discharged his accounts and gave up his notes against the estate of the deceased; which the defendant was bound to pay, having given bond to pay debts and legacies without returning an inventory. This is a sufficient consideration, whether the plaintiff’s security on the bond were extinguishe 1 or not. There seems, however, to be no doubt that the plaintiff’s remedy on the bond was extinguished by the discharge of the debt.
The suggestion that the promise is void by the statute of frauds is clearly unfounded. It is not a promise by an executor “ to answer damages out of his own estate for the bond given to the judge of probate is an admission of sufficient assets, which the defendant is estopped to deny.[2]

Judgment according to verdict.

 See Edgell v. Stanford, 6 Vermont R. 551; Rice v. Welling, 5 Wendell, 595; Hughes v. Wheeler, 8 Cowen, 77; Hammond v. Hoppings 13 Wendell, 505; Fugate v. Ferguson, 1 Blackford, 366; Turner v. Calvert, 12 Serg. & Rawle, 46; Ramsdell v. Soule, 12 Pick. 128.

 See 2 Stark. Ev. (5th Amer, ed.) 346, n. (2).