## ALLEN's executor v. MATHEWS' administrator.

*Payee against maker. Plaintiff produced in evidence, the note payable at bank of G. with the usual order to credit the drawer, and endorsed by the payee. Defendant proved that it was the usual custom of the Bank, on discounting such notes, to place the amount to drawer's credit. This being all the evidence, the Court properly instructed the jury to find for the defendant.*

ASSUMPSIT in Autauga Circuit Court, John Allen against John Mathews; both parties died, and the suit was revived by and against their representatives. On the trial, the plaintiff produced in evidence, a note as follows:

*Milledgeville, September* 30, 1818.

Sixty days after date, I promise to pay to John Allen or order, at the Branch Bank of the State of Georgia, at

35

Milledgeville, four hundred and fifty dollars, without de-- falcation, for value received.    JOHN MATHEWS.
Cr. the drawer, J. A.

And admitted that the payee had endorsed the note in blank.    The defendant proved that it was in general the custom of Banks, and the custom of this Bank, when a note with an order or memorandum, similar to this, was discounted. to place the funds produced thereby to the credit of the drawer of the note.    This being all the evi-dence, the Court instructed the jury, that the presumption of a consideration from the payee to the maker, was done away by this evidence ; and to find a verdict for the de-fendant ; to which the plaintiff excepted, and assigned this matter here as error.

GOLDTHWAITE, for plaintiff.

H. G. PERRY and GORDON, for defendant.

JUDGE GAYLE delivered the opinion of the ma-- jority of the Court.

THE counsel for the plaintiff in error contends, that the Court below erred in the charge as to the pre-sumption of consideration, and went beyond its proper sphere in instructing the jury to find a verdict for the de-fendant.

It appears that Allen endorsed the note, and his order to credit the drawer, shews that it was made in order to be discounted by the Bank, for the benefit of Mathews. It is not shewn that it was discounted, and afterwards paid by the endorser, nor could these facts be inferred from the circumstance of the note being in Allen's pos-- session. [a]

The province of the jury is to ascertain facts which are controverted. If by a special verdict, a case agreed. a demurrer to evidence, or other means, the facts are esta-blished, it becomes the duty of the Court to declare the judgement which the law requires to be rendered ; so it is the duty of the Court, to determine on the construc-tion and effect of all instruments of writing.    In the argument of the counsel for the plaintiff, facts and the evidence of facts, appear to have been confounded.    It is the province of the jury to determine on the credibility of witnesses, and to weigh variant and contradictory tes-timony.    But in this case, the plaintiff in his bill of excep--

a Landrum vs. Brookshire, Ex-ecutor, Anti. p. 252.

tions states, that certain facts were proved. If the Court had charged the jury hypothetically, that if these very facts were proved to their satisfaction, they must find a verdict for the defendant, it could not be said, that the charge was as to the matters of fact; so if by special verdict, the same facts were found to be true, which the bill of exceptions state were proved to be true, it would have been the duty of the Court to give judgement for the defendant. It is the opinion of the majority of the Court that there was no error in the charge. Judgement affirmed.

Judge White dissents.

Judge Saffold having presided in the Court below, gave no opinion here.