HILL (PERKINS v.). See Cases Nos. 10,986 and 10,987.

HILL (POLK v.). See Case No. 11,249.

HILL (ROBERTSON v.). See Case No. 11,925.

---

1 [Reported by Samuel H. Hempstead, Esq.]

## Case No. 6,498.

### HILL v. SCOTT.

[5 Cranch, C. C. 523.] 1

Circuit Court, District of Columbia. Nov. Term, 1838.

USURY—PROOF—WITNESS—RECOVERY.

1. A person who borrows checks payable to bearer, to raise money, upon for his accommodation, but has not indorsed them, is a competent witness for the defendant to prove usury.

2. The plaintiff is affected by the usury, although he did not know it when he purchased the checks.

3. By the law of Pennsylvania, in case of a loan by the plaintiff to the defendant, at a higher rate of interest than six per cent. per annum, the plaintiff can only recover the sum actually lent, with lawful interest; and the burden of proof is on the plaintiff to show the actual amount paid by him to the defendant.

Assumpsit [by David Hill] against [Robert K. Scott] the drawer of sundry checks, payable to bearer, amounting altogether to $465, purchased by the plaintiff for $265, of a broker. These checks were lent by the defendant to W. B. Hart, to enable him to raise money upon them for his accommodation. The defendant, having given Hart a release, called him as a witness.

Mr. R. J. Brent, for plaintiff, objected to Hart as a witness, because, although his name is not upon the paper, yet he has passed it away, and upon principles of public policy ought not to be permitted to discredit the negotiable paper to which he had given currency, and to testify to his own turpitude.

But THE COURT overruled the objection.

Mr. Brent then prayed the court to instruct the jury, in effect, that the plaintiff cannot be affected by the usury unless he knew it when he purchased the checks. Floyer v. Edwards, Cowp. 115; Whitworth v. Adams, 5 Rand. [Va.] 333; Taylor v. Bruce, Gilmer, 42.

THE COURT (CRANCH, Chief Judge, not giving any opinion) refused to give the instruction. Mr. Brent then contended that by the law of Pennsylvania, to constitute usury, there must be a loan. See the Pennsylvania act of 1823 (Digest, p. 369). The act is only penal. The usury does not invalidate the contract against a stranger, without notice. Fleckner v. Bank of U. S., 8 Wheat. [21 U. S.] 354; Turner v. Calvert, 12 Serg. & R. 46; Wycoff v. Longhead, 2 Dall. [2 U. S.] 92; Musgrove v. Gibbs, 1 Dall. [1 U. S.] 217.

THE COURT was of opinion, that if the jury should find the law of Pennsylvania to be as in the statute of 1823, and that this was a loan of money by the plaintiff to the defendant at a higher interest than at the rate of six per centum per annum, the plaintiff cannot recover more than the amount

1 [Reported by Hon. William Cranch, Chief Judge.]

paid by the plaintiff for the check with lawful interest thereon.

THRUSTON, Circuit Judge, however, was of opinion that, in such case, the plaintiff could not recover any thing.

Mr. Bradley, for defendant, contended that the burden of proof was on the plaintiff to show what he paid for the checks, as they had been delivered by the defendant to Hart, in blank, to be filled up by him, to raise money upon for his accommodation, the defendant never having received any consideration therefor (Woodhull v. Holmes, 10 Johns. 231); and having given evidence that Hart received only $265 for checks for $465, postdated five months.

THE COURT (nem. con.) was of opinion that if the plaintiff would recover more than the $265 on the checks for $465, he must show that he paid more for them.

Verdict for the plaintiff, for the amount paid by the plaintiff for the checks with lawful interest thereon.