The BANK OF HALLOWELL, Plaintiff in Error, *vs.* BAKER and WILLIAMS, Defendants in Error.

When a contract is made by which one party incurs liabilities or obligations to another, and the terms and conditions of such liabilities or obligations are reduced to writing and signed by the parties thereto, without fraud, mistake or surprise, such written contract must control and supersede all other and different terms, founded upon pre-existing or contemporaneous verbal understandings, or agreements in regard to the subject matter of the contract.

And such a contract is conclusive of what the agreement was, and of all the terms and conditions thereof.

Parol evidence of pre existing or contemporaneous understandings and verbal agreements, tending to vary or contradict the terms of a contract which has been reduced to writing and signed by the parties thereto, is inadmissible.

But Courts of Equity will relieve where the contract has been executed through fraud, or by mistake or surprise.

This suit was brought in the District Court for Ramsey County by the President, Directors and Company of the Bank of Hallowell, against the Defendants Baker and Williams, to recover the amount of a promissory note for $5,000, dated July 20, 1854, made by the Defendant Baker, payable three months after date to the order of the Defendant Williams, and by him endorsed to Plaintiffs.

The Defendants appeared and moved to set aside the verification to the complaint, and pending this motion, the Plaintiffs entered up Judgment on default of an answer.

The Defendants were afterwards, on motion, allowed to answer, upon payment of costs.

The matters of defense set up in the answer, were substan-

tially as follows : That before the making of the note, to wit: in June, 1854, the Plaintiffs made a verbal agreement with the Defendant Baker, whereby they agreed to loan him $20,000 in the bills of the Bank of Hallowell, for the term of two years at the rate of four per cent. per annum discount, and to take as security therefor, the note of the Defendant Baker, endorsed by the Defendant Williams, for the sum of $20,000, payable in two years, secured by mortgage upon Real Estate in Saint Paul, which note and mortgage were to be executed in a manner satisfactory to C. C. Washburne, of Mineral Point, Wisconsin, and should be delivered to said Washburne, at Saint Paul, as soon as practicable after Baker's return from Maine to Saint Paul.

That said Baker agreed to circulate these Bills of the Bank of Hallowell, in the Territory of Minnesota, and give the note and mortgage soon after his return.

That afterwards, in July, 1854, the Plaintiffs agreed to give to the Defendant Baker, $5000 in the bills of said Bank, on account of the said loan of $20,000 ; in anticipation of the return of said Defendant Baker, to Minnesota, and of the making of said note and the execution of said mortgage, as aforesaid.

That the promissory note mentioned in the complaint was given on account of said sum of $5,000, so advanced on account of said $20,000 loan, and for no other consideration, and that it was understood between the parties at the time of the execution thereof, that the same should uot be paid at maturity, but that upon the making and endorsing of the note for $20,-000, and the execution and delivery of the said mortgage to secure the same, the said note for $5,000 should be returned to the Defendant ; and that the same was made and endorsed by the Defendants merely as a memorandum of the receipt of said sum of $5,000 by the Defendant Baker, on account of said loan, and with no intention that the same should be paid at maturity.

That afterwards, in August, 1854, and as soon as he returned to Saint Paul, the Defendant Baker made his note for $20,000, and had the same endorsed by the Defendant Williams, and

ready to be delivered to said Washburne, who was then at Saint Paul.

That he was then and there ready and willing to give mortgages upon Real Estate in Saint Paul to secure said promissory note satisfactory to said Washburne, according to his agreement with the Plaintiff. But that said Washburne neglected and refused to attend at Saint Paul to receive the same, and had ever since neglected and refused to do so.

That after the maturity of the note, the Defendant Baker had offered and tendered the said promissory note for $20,000, drawn and endorsed as aforesaid, and offered to secure the same by mortgages on real estate in Saint Paul, in a manner satisfactory to said Washburne, if he would attend at Saint Paul for that purpose.

That the Plaintiffs had refused to accept said note for $20,000, and mortgages to secure the same, and had refused to pay to the Defendant Baker the remainder of said sum of $20,000 in the bills of the Bank of Hallowell.

And that the Defendant Baker had circulated the said sum of $5,000, in the Territory of Minnesota, as he had agreed to do.

The Plaintiffs demurred to this answer,

*First*, Because it does not state facts sufficient to constitute either defence or a counter claim to the said action.

*Second*, Because the contract alleged in the answer appears to have been a verbal contract, without consideration, and in no part performed by either party thereto, and was therefore void.

*Third*, The promissory note upon which the suit is brought, is no part of the contract set forth in the answer.

*Fourth*, Neither the said contract, nor the subsequent agreement and understanding between the Plaintiffs and Defendants, alleged in said answer, can be admitted to vary, explain or contradict the promissory note upon which this action is brought, both said contract and said agreement and understanding, being alleged to be verbal, and made, the one before and the other at the time of the making of the promissory note.

*Fifth*, Neither said contract nor said agreement and under-

standing appears from said answer to have been fulfilled on the part of the Defendants, or either of them; nor does the answer aver a readiness on their part, to perform the same.

This demurrer was sustained, without leave to answer except upon special application and proof of new merits.

Afterwards, the Defendants, upon affidavit of new merits, made special application to amend their answer, which application was afterwards submitted, by stipulation, to the Hon. A. J. Chatfield, Judge of the Third Judicial District.

The amendment proposed by the Defendants to their answer, was as follows:

That at the time the Plaintiffs and Defendants entered into the contract mentioned in the answer, the Plaintiffs authorized the said Washburne to act for them as their agent, in examining and approving the said note for $20,000, and the mortgages securing the same, and that the examination and approval of the said note and mortgages, and the delivery of ths same, should be made at Saint Paul, and that the said Washburne, should there attend as agent for the Plaintiffs for that purpose.

This motion to amend was denied with costs; and the following opinion was filed by the Hon. A. J. Chatfield.

*By the Court*—CHATFIELD, J.   When this case was before me on the demurrer to the answer, I was of the opinion that the Defendants had not done enough to fix the liability of the Bank upon the contract set out in the answer, and I consequently decided that the answer did not contain any defense to the action and allowed the demurrer.

That conclusion rendered it unnecessary to consider the questions raised upon the legal validity of the contract, and upon the admissibility or competency of the evidence thereof, (the contracts being oral,) to qualify the terms of the note on which the action is brought, and change the character of its obligations.   The answer had been interposed upon leave after it was due, and should have contained a full and true statement of the defense.   The Court was bound to presume that it did contain all the defense that existed against the cause of action alleged in the complaint.   It was for that reason that

the Court in making the order on the demurrer refused leave to amend, except upon proof showing new matter of defense.

The Defendants now ask leave to amend their answer, but do not propose to insert any new matter of defense. They only propose to amend the statement of the proceedings of Baker, under the alleged contracts so as to show more fully and definitely what was done by him to fix the liability of the Bank thereon. Strictly this is not new matter of defense. It is only a new statement of matter insufficiently stated in the former answer, and not properly within the terms of the order made on the demurrer.

Still I do not feel disposed to refuse to consider the matter thus proposed to be inserted in the answer or to exclude it because it is not strictly within the terms of the order. I choose rather to examine the legal effect of the matter proposed to be inserted, for if the matter thus proposed to be inserted, will so strengthen the answer as to constitute a good defense, the Defendants should in equity have the benefit of it; if not, then there is no legal propriety in allowing it to be inserted.

In the view which I am constrained *now* to take of this application, it will not be necessary to inquire whether the matter proposed to be inserted in the answer will have the effect to avoid the point upon which the demurrer was allowed, for if it will, then the questions upon the legal validity of the contracts set out in the answer and the competency of the evidence by which they are to be proved, will again arise, either upon a new demurrer or upon objection at the trial. They cannot be avoided. It therefore appears to me to be incumbent upon the Court *now* to consider whether the answer as proposed to be amended, would, if thus amended, constitute any defense to the action.

It will avail nothing to determine whether or not the contract set out in the answer and therein alleged to have been made between the Bank and Baker, in January, 1854, is legally valid, unless the contract alleged to have been made at the time of the execution of the note, may be proved by oral evidence to qualify the terms and change the obligations of the note; for by the alleged terms of that contract, the money

received by Baker and for which the note was made and endorsed, was to be taken by him as a part of the $20,000 mentioned in the first contract.

The terms of the alleged contract made at the time of the execution and delivery of the note are wholly inconsistent with the terms of the note; and the obligations of the note are wholly incompatible with those of the alleged contract. Both cannot stand, for both relate to the same subject matter, the same money, and the time and place of its payment. The allowance of either avoids the other.

The said contract is alleged to have been made orally. The note is made and endorsed in writing. The Defendants do not allege there was any fraud, mistake or oversight in the transaction, but it appears that the whole transaction was deliberate and well understood. Under this state of facts, it seems to me that there cannot be much doubt or question as to the rule of law governing the case. When a contract between parties is made by which fone party incurs liabilities or obligations to the other and the terms and conditions of such liabilities or obligations are reduced to writing and deliberately signed by the party assuming them, and the matter is free from fraud or mistake, the writing must control and supersede all allegations of other and different terms founded upon any pre-existent or contemporaneous understanding. The writing is conclusive of what the agreement and the whole agreement was. The same rule applies in equity, for Courts of Equity will not interpose to avoid or relieve against a contract reduced to writing and signed by the party, except upon allegations of fraud or mistake. Contracts resting in bills and promissory notes stand subject to the same rule.

To illustrate—suppose a party makes a promissory note payable in ninety days; at the expiration of sixty days, the payee brings his action to recover the amount of the note and offers to prove an oral contract made at the time of the execution of the note, that it was to be due in sixty days, would it be admissible or competent? Clearly not. On the other hand, suppose the payee of such a note after maturity, brings an action upon it, and the Defendant should in defense allege or offer to prove an oral contract made at the time of the execu-

tion of the note, that it should run six months, would such defense be admissible or competent against the express written terms of the note? Certainly not.

A Court of Equity would not interfere in such a case, and it seems to me such a case is, in all its material characteristics, parallel with the one under consideration.

The rule is too clear and firmly established and too directly applicable to this case to admit of doubt. It so seems to me.

1 *Greenleaf's Ev.*, S. 275, *p.* 351; *Chitty on Bills*, 162; 2 *Starkie's Ev.*, 549–50; 14 *Wend. R.*, 26; 17 *Wend. R.*, 190; 1 *Hill's R.*, 116; 4 *Hill's R.*, 420; 5 *Hill's R.*, 413,–17; 6 *Hill's R.*, 219; 7 *Hill's R.*, 416.

This being my view of the case, the amendment proposed to be made to the answer, would not help it at all. The defense which it discloses is not, in my judgment, legally competent or admissible.

The motion for leave to amend must be denied with ten dollars costs of the motion.

This cause was afterwards removed to the Supreme Court by Writ of Error.

Specification of errors, points and authorities submitted by Plaintiffs in Error.

*First.* That the Court erred in denying the amendment to the answer offered by the Plaintiffs in Error.

*Second.* That the Court erred in sustaining the demurrer.

1. Because it appeared by the answer that the consideration of the said note upon which the action was brought, was the performance of a certain contract entered into by the parties therein described, and that the Plaintiffs below had not performed their contract.

2. Because it appeared by the said answer that the said contract was to be performed by the said Plaintiffs below before the maturity of said note.

3. Because the Defendants below complied with their part of the contract or tendered a compliance.

4. Because the money received by the Defendants below at the time the note was given, was received from the Plain-

tiffs below as part performance of their said contract and under the same.

5. Because by the terms of said contract, moneys to be received under the same, were not to be repaid to the Plaintiffs below until two years thereafter with interest at the rate of four per cent. per annum.

6. Because enforcing payment of the note is in fraud of the stipulations and conditions of said contract.

*Third.* That the Judgment is erroneous.

1. Because of the reasons above stated.

2. Because interest is therein computed and included at the rate of six per cent. per annum; whereas, by the terms of the contract admitted by the demurrer, the Defendants below were chargeable with only four per cent. per annum.

*Fourth.* That the Court erred in deciding the said contract set up in the answer to be insufficient, as a defense to this action, because the same was verbal.

1. Because the rule that a written agreement shall not be affected or varied by parol, applies only to the evidence and manner and conclusiveness of proof.

2. Because the rule does not apply where the fact is not denied or is admitted by the pleadings.

3 Because the said contract was not required by law to be in writing.

4 Because the said contract is not in issue.

#### AUTHORITIES.

As to the second alleged error assigned, and the points thereunder specified: *Miles vs. O'Hara,* 1 *S. and R.,* 32; *Snydam vs. Westfall,* 4 *Hill.,* 211; *Allen vs. Matthews,* 1 *Stewart,* 273, cited in 3*d Vol. U. S. Digest, Sec.* 88. *p.* 260; *Rasson vs. Smith,* 8 *Wend,* 437; *Tillotson vs. Grupes,* 4 *New Hamp.,* 444, cited in 3*d U. S. Digest, Sec.* 649, *p.* 282; *Sanders vs. Howe,* 1 *Chip.,* 363, cited in 3*d U. S. Digest, Sec.* 699, *p.* 283; *Denniston vs. T. L. Bacon,* 10 *Johns.,* 198; *Amherst Academy vs. Cowles,* 6 *Pick.,* 427, cited in 3*d U. S. Digest, Sec.* 698, *p.* 284; *Hill vs. Eli,* 5 *Sergeant and Rawle,* 363, *and authorities therein cited; Field vs. Biddle,* 1 *Yeates,* 171; *Woodhull*

The Bank of Hallowell *v.* Baker and Williams.

*vs. Holmes,* 10 *Johns.,* 231 ; *Skelding vs. Haight,* 15 *Johns.,* 274, 3 *Starkie on Evidence, page* 1015, (*Metcalf,* 3*d Am. Ed.,*) *ibid.,* 1049.

As to the fourth error assigned and points thereunder specified: 3*d Starkie on Ev., page* 996, 995 ; 1 *Starkie on Ev., page* 388, 389, 390, 393, *&c.; Sec.* 8, *Vol.* 1, *page* 145 to 153, *Fonblanques Equity,* (4*th Am. Ed.,*) *ibid., note, under p.* 146 ; *Niven vs. Belknap,* 2 *Johns. R,* 589 ; *Marquis of Normandie vs. Duke of Devonshire,* 2 *Freeman,* 216 ; *Smith vs. Patten,* 1 *Serg. and Rowle,* 83, 84, *cited*; *Whitchurch vs. Bevis,* 2 *Brok.,* 566 ; *Child vs. Godolphin, Dick. Rep.,* 39 ; *Cooth vs. Jackson,* 6 *Ves.,* 39, *cited, and see notes to pages* 148, 149, 150, 151, 152, *Fonblanque's Equity, and Cases cited therein ; Sec.* 127, *Story on Contracts, p.* 81; 1 *Whillake's Pr.,* 323 ; *Boyn vs. Brown,* 7 *Barb.,* 80 ; 2 *Story's Equity, Sec.* 755, *p.* 68 ; *ibid., Sec's* 755 *to* 757, *pages* 68 *to* 72.

The points and authorities of Defendants in Error, are not on file.

HOLLINSHEAD & BECKER, Counsel for Plaintiffs in Error.

GEO. A. NOURSE, and BRISBIN & BIGELOW, Counsel for Defendants in Error.

The Decision of the District Court was affirmed with costs, but no opinion was filed.