JOHN HARRINGTON, Reviewer,
*against*
CHARLES KINGSBURY, Reviewee.

*It is good cause for continuance on part of the plaintiff under a rule to pay costs, that he has taken a deposition in another state the caption of which proves defective, if the subject matter of the depoistion is not primarily necessary to maintain his declaration, but has been rendered necessary to rebut testimony adduced by the defendant, and it has been exhibited to the defendant's counsel, who have refused to waive exceptions to the caption.*

MOTION for continuance.

The plaintiff's counsel moved for a continuance, stating, that their client had at great expense procured the deposition of a material witness, who re-

sided in another State, at great distance from the Court. That upon the deposition's being unsealed in Court, and submitted to his counsel, it was disco-vered that the caption was defective. That they had communicated the deposition to the defendant's counsel, and proposed to them to proceed in the trial if they would waive exceptions to the caption, which they had declined. That this operated a surprise on their client, who could not be chargeable with laches on account of the irregularity of the caption, as at the time of taking it he was *inops consilii,* and the deposition was taken in a State where this mode of testimony was not usual.

Harrington
v.
Kingsbury.

The defendant's counsel urged, *e contra,* that the plaintiff must always be prepared for trial at his peril. That he should have been furnished with evidence to maintain his declaration even before the essoin day. That it would operate an extreme hardship upon their client, to be kept in Court term after term, through the laches or even the misfortunes of the plaintiff.

It was replied by the plaintiff's counsel, that this deposition was not in the commencement of the suit necessary, but had been made so by evidence intro-duced by the defendant at a former trial, which the testimony in the deposition was brought to rebut.

*Curia.* The Court having examined the deposi-tion, and finding that the subject matter of it applied in rebuttal of the defendant's evidence, and was not necessary primarily, but only collaterally to support

the plaintiff's declaration, ruled that the cause should be continued, but observed, that although the defect in the caption was not owing to the laches, but to the misfortune of the plaintiff, it was not just that he should saddle his misfortune upon the defendant. They should therefore make the rule conditional that the plaintiff be allowed a continuance upon his paying to the defendants his taxable costs for this present term.

                                   Cause continued.


*Darius Chipman* and ――― ―――, for plaintiff.
*Daniel Chipman* and *Nathan B. Graham*, for defendant.