## SANDERS *vs.* HOWE.

In an action on a promissory note given by the defendant to the plaintiff, in satisfaction of an injury done the plaintiff, by the circulation of false reports, injurious to the character of the plaintiff's wife, supposed to have been put in circulation by the defendant, parol evidence is admissible to prove that at the time of giving the note, the plaintiff agreed that if the defendant would satisfy him the plaintiff, that he the defendant did not originate such reports, he would give up the note to the defendant.

THIS was an action of *assumpsit* on a promissory note.   On *Franklin,* trial upon the general issue, the defendant offered evidence to prove July, 1821. the following facts : That the note in question, was given in satisfaction of an injury done to the plaintiff, by the circulation of false reports, injurious to the character of the plaintiff's wife, & which the plaintiff alleged, were put in circulation by the defendant, and threatened to commence an action against the defendant to recover his damages.—That at the time the note was given, the plaintiff agreed that if the defendant would make it appear to his satisfaction that he the defendant did not originate the said reports, he the plaintiff would give up said note to the defendant.   And that the plaintiff had acknowledged himself satisfied, by proof furnished by the defendant, that he the defendant did not originate said reports.

The plaintiff objected to the admission of the evidence offered. The Judge overruled the objection, and the Jury returned a verdict for the defendant.   The plaintiff filed exceptions to the opinion of the Judge.   The cause upon the exceptions came on to be heard the present term.

*Wetmore,* for the plaintiff.   If a note be delivered by the maker to the payee himself, the maker cannot be permitted to prove by parol, that the delivery was not absolute, but conditional. Esp. N. p. 221.   Otherwise if it be delivered to a third person, and

*Franklin,*
July,
1821.

Saunders
*vs.*
Howe.

not to the payee himself, in such case the maker of the note may plead any parol matter, as that it was delivered conditionally or as an escrow.—Esp. N. p. 222. But if a note be delivered to the payee, or the party who is to derive benefit under it, it is not an escrow.—Shep. 55, 56, 57. 3 Bac. Ab. 320, 694—5. Cranch, Moss *vs.* Biddell. After a legal delivery of the note by the defendant, a right to the note became vested in the plaintiff, and nothing can be shewn by parol evidence to defeat that right.—Phil. Ev. 439.

*Swift,* for the defendant. An agreement made at the time of executing a note, or other written simple contract, that the payee shall give up the note or other writing, upon the performance of some act by the payor, is valid and founded on a valuable consideration : and the payor may give such contract and the performance of such contract in evidence under the general issue.—9 John. Rep. 232. 1 Sel. N. p. 40. 1 Chit. pl. 472. 7 John. Rep. 26, 383. Parol evidence is admissible to prove such contract, as it does not in any manner impeach or contradict the note.—10 John. Rep. 224. 11 John. Rep. 50.

The present case bears no analogy to a conditional delivery, but is strictly and legally a case of accord and satisfaction.—4 Esp. Rep. 255.

But the note in this case is void for want of a consideration.—10 John. Rep. 224. 11 John Rep. 50. 1 Camp. 40.

If, however, we are incorrect as to the principles of law, the Court will not grant a new trial, as it is apparent that justice has been done in the case.—2 Sal. 644. 2 Wil. 306.

The bill of exceptions in this case, contained another point which arose from the decision of the Judge in excluding a deposition, for a defect in the caption. The Court before which the deposition was to be used, was in the caption described as follows—" to be used in a cause to be heard and tried before the honorable County next to be holden at."

*By the Court.* The evidence admitted by the Judge, to prove the contract made at the time the note was executed, that in case the defendant would make it appear to the satisfaction of the plaintiff, that he the defendant did not originate, as was alleged, reports injurious to the character of the plaintiff's wife, he the plaintiff would give up said note to the defendant, was legally and properly admit-

ted. And, as it was proved to the Jury that the plaintiff was satis- *Franklin,* fied that the defendant did not originate such reports, the defendant July, was clearly entitled to a verdict, which ought not to be disturbed. 1821.

Saunders *vs.* Howe.

The evidence did not at all contradict the note, but proved that the parties had agreed on a mode by which the defendant might satisfy the note by the performance of a future act ; and when that act was performed by the defendant, the note was as clearly paid and satisfied as though the defendant had paid the amount in money.

The evidence did, indeed, prove a want of consideration for the note, as there was no other consideration, but a discharge of the defendant from the plaintiff for damages, for the supposed injury which the defendant had done him by slandering the character of the plaintiff's wife, and as it afterwards appeared that the defendant had not done the injury, there was no consideration for the note ; and yet, in point of law, the evidence could not be admitted for the purpose of proving a want of consideration. When one man alleges that an-other *has done him* an injury by the commission of a trespass upon his person or property, or by slandering his character, and the parties meet—make an amicable settlement—agree on the sum to be paid as a satisfaction for the supposed injury, and a note be given to secure the payment of that sum, in a suit upon such note, the defendant could not be permitted to defend, on the ground that he did not commit the injury for the satisfaction of which he had executed the note : it could not be permitted in a suit on a promissory note to try an action of trespass or slander as the case might be. The law will not permit such amicable settlements to be disturbed. And so it seems the parties understood the law in this case. They did not suppose that the defendant could avoid the note by proving that he did not commit the injury for a satisfaction of which the note was given, nor were they so unwise as to agree that the defendant might do so. But they did agree that if the defendant would procure evidence which should satisfy the plaintiff that he the defendant did not commit the injury complained of, that he would give up the note, or in other words that he would accept this in satisfaction of the note. This the defendant did, which in law and reason was a satisfaction of the note.

How the case would have been considered, without proof of the acknowledgement of the plaintiff that he was satisfied of the inno-

*Franklin,*
July,
1821.

Saunders
*vs.*
Howe.

cence of the defendant, but with proof sufficient to satisfy any reasonable man of his innocence, it is unnecessary here to decide.

In relation to the deposition rejected by the Judge, *the Court* are clear that his decision was correct. It is by force of the statute only that depositions are admitted as evidence, and the provisions of the statute must be substantially complied with. The Court cannot supply any material defect. In this case the defect in the caption is material; it does not appear in what Court the deposition was to be used. Let judgment be entered on the verdict.