## *Danforth* and *Brownell* vs. *Elisha Reynolds.*

That parol testimony is sufficient to prove the form of the caption of a deposition
required by the laws of a sister state.

If not, the defect is cured by producing in the Supreme Court the laws of said state.

Bennington, Feb. 1828. } THIS was an action of *assumpsit*, for *Danforth et al* vs. *Reynolds.* } the recovery of a certain sum specified in the plaintiffs' declaration, to which the defendant pleaded the *general issue*. The cause was tried in the County Court at the August Term, 1827, Ch. Justice SKINNER, presiding. The plaintiffs, to maintain the issue on their part, offered the deposition of *Samuel Duncan*, to which the defendant objected, on the ground that it was not taken according to the form prescribed by the laws of this state. The plaintiffs then offered parol evidence to show that it was taken according to the form required by the laws of *Massachusetts*, where it was taken; which was objected to by the defendant, but admitted by the court. A witness testified, that the deposition was taken according to the form required in 1814; that since that time he had not been acquainted with the form required by the statutes of that state: upon this testimony the deposition was admitted by the court, and read to the jury—to which decision the defendant excepted, &c.

The caption of the deposition was as follows :

"*Berkshire*, ss. on the 23d day of August, in the year of our "Lord, 1827, the aforesaid deponent was examined and caution-"ed and sworn, agreeable to Law, to the deposition aforesaid by "him subscribed. Taken at the request of *Sylvanus Danforth* "and *Thomas Brownell*, and to be used in an action of the case "now pending between them and *Elisha Reynolds* before the "County Court next to be holden at *Manchester*, in and for the "county of *Bennington*, and the state of *Vermont*, on the last "Monday of August, 1827; and the adverse party was present: the "said deponent living in *Williamstown* in the county of *Berkshire* "and Commonwealth of *Massachusetts*, and being so sick as to be "unable to travel and attend the trial is the cause of taking this "deposition.        *D. W. Swan, Justice Peace.*"

The case now came before the Court on exceptions taken at said trial to the decision of the County Court in admitting the deposition. The statute of *Massachusetts* was produced, containing the form of caption used there; and, on comparison, it appeared that this form had been literally followed in taking the deposition.

*Mr. Isham for the defendant.* It appears that the court admitted *parol evidence*, to shew that the deposition which was read

to the Jury, was taken agreeably to the form required by the statute in *Massachusetts*—for which decision the defendant claims a new trial. It is, indeed, a general rule " that foreign laws are to be proven by " parol as facts, if a question arise on their existence."—1 *Cowp.* 162—2 *Cranch*, 187, 236 : but the rule thus laid down is much too general, and subject to many qualifications.    It is undoubtedly true that *parol evidence* is admissable to show the *common law* of a foreign country : and the reason is apparent ; those laws, being founded upon custom and immemorial usage, are not susceptible of higher proof.    But this reason does not apply, neither is such testimony admissable, to prove the existence or subject-matter of a foreign statute, for that is a matter of record, and is capable of being proved by testimony of a higher nature.—1 *Johns.* 385, *Kenney et al* vs. *Van Horne.*—4 *Camp. R.* 155, *Mellan* vs. *Henrick.*—1 *Camp. R.* 65 (*note a.*)—1 *Sw. D.* 752.—1 *Phil. Ev.* 443.—3 *Esp. R.* 58.—As well might it be said that parol evidence might be received to prove the existence of a foreign judgment as of a foreign statute : both are equally matters of record ; and in both cases methods are adopted for their authentication, and due exemplification.    The act of Congress has not only pointed out the method of exemplifying the records of the different states, but it has further declared (1 *v. p.* 115.) "that the acts of the Legislatures "of the several states shall be authenticated by having the seal of " their respective states affixed thereto ;" and it would seem as if this would be decisive upon this question.    It is true, it has been decided in some of the states, that the statutes of other states may be read from their printed statute books, purporting to have been published by the authority of the state ; and that this testimony affords *prima facie* evidence of its authenticity.—1 *Dallas' R.* 458, *Thompson* vs. *Musser.*—4 *Dallas* 412, *U. States* vs. *Johns.*—1 *Peters R.* 352, *Craig* vs. *Brown.*—1 *Phil. Ev.* 319, (*note a.*)— If this principle be true, the court, in order to prove that the deposition which was read to the jury, was taken agreeably to the statute in *Massachusetts*, should have required their statute to have been produced, duly authenticated ; and it is believed that no case can be found that will warrant the court in the admission of that parol testimony.    But if the court should be of opinion that

Bennington, Feb. 1828. } parol testimony is admissible to prove *Danforth et al.* vs. *Reynolds.* } that fact, still as it appears that this deposition was taken in the year 1827, the court should have required testimony to have shown the form that was required by their statute at the time of taking the same, and not have permitted it to have been read upon the testimony of a witness who has not been acquainted with their statute, or with the form required, since the year 1814. A bill of exceptions is in the nature of a writ of error.—1 *Blac. R.* 38. And the court will not notice any fact but what appears on the bill of exceptions.—3 *Dallas R.* 38. And if the court on trial admitted to the jury illegal evidence, the verdict would be set aside without regard to the fact, whether the testimony was true or not; or whether the same was sufficiently confirmed or not by competent testimony.—16 *Johns.* 89, *Maynard* vs. *Webb et al.*—8 *Johns.* 496, *Frier* vs. *Jackson.*

*Mr. Church for the plaintiff.* The question of admissibility of evidence, is within the province of the court, and not of the jury, to decide ; and all antecedent facts or reasons, necessary to be ascertained or used by the court, for the purpose of deciding on the competency or admissibility of evidence, are to be determined by the court.—1 *Phil. Ev.* 13.—And such antecedent facts, evidence, or reasons, cannot be the subject of *exceptions* in the case, not being offered to the jury. The parol evidence, therefore, offered by the plaintiffs, and received by the court, on the question of admissibility of the deposition of *Samuel Duncan*, cannot be the subject of exceptions, and ought to be laid out of the case. The deposition of *Samuel Duncan* was properly admitted ; for by *stat.* (*sec.* 83, *p.*84) all depositions taken agreeably to the statute of this state, or the laws of the state in which they shall be taken, shall be allowed in any court in this state ; and the deposition in question, is taken agreeably to the form prescribed or used in *Massachusetts.*— *Mass. Stat.* 550, *s.* 3. Our law recognizes and adopts the forms used in other states, by admitting depositions taken under them ; and when a deposition appears to be fairly taken, and certified by a proper officer from another state, it is to be taken as correct and *prima facie* good, and is so until the contrary be shewn.—The form may not have been there regulated by statute, but adopted by practice. The form used here, in any case, is *prima facie* good

and to be rejected, must be shewn to be $\Big\{$ bad; so in case it come from another $\Big\{$ *Danforth et al. vs. Reynolds.* state. If it were otherwise, our statute would have provided for its reception, by being accompanied with other proof of the form. But the certificate of the authority taking it is sufficient, and exceptions of this kind are never favored.—1 *Con. R.* 519, *Stocking* vs. *Sage et als.* Every substantial requisite being contained in the caption and certificate, the intendment will be that the deposition was taken agreeably to the form prescribed or used where taken.—1 *Johns.* 130, *Bott* vs. *Rooten.* So it is sufficient to. prove by reputation that one acted as a public officer, without shewing his appointment.—3 *Johns.* 426, *Potter* vs. *Luther.*— Even granting (which I do not) that the deposition was informally taken, it would be no cause for disturbing the verdict. For, in the decision of this case, the court will exercise a legal discretion, guided by the circumstances of this particular case, the same, to the extent of the exceptions, as in a petition or motion for a new trial, in which the competency, applicability and relevancy of the evidence are to be considered, and whether a re-examination of the case would be conducive to justice on the grounds of exception. Thus, where the objection to the admission of evidence is merely technical, and the same evidence would be again admitted on another trial of the same cause, no new trial would be granted.—3 *Johns.* 125, *Duncan* vs. *Dubois.*—14 *Mass.* 455 *Frith* vs. *Sprague.*—Nor, where no fresh light can be thrown in.—1 *W. Black. Rep.* 418, *Camden* vs. *Cowley.*—*Cowp. Rep.* 597, *Goodtitle* vs. *Bailey.* The setting aside a verdict for the admission of evidence, supposes the evidence to be improper to be laid before the jury.—*Loft.* 158, *Rex* vs. *Currill, et al.* If in this case it is necessary to prove the law of *Massachusetts,* the decisions in *Great Britain,* and in many of our sister states, admit the proof of foreign laws and of the laws of other states by parol.—*Cowp. R.* 174, *Mostyn* vs. *Fabrigas.*—1 *Pr. Wms. Rep.* 431, *Freemoult* vs. *Dedire. Peaks' Cases,* 18, *Ganer* vs. *Lanesborough.*—3 *Esp. Rep.* 164– 5, *Male* vs. *Roberts.*—3 *Johns. Rep.* 107, *Smith* vs. *Elder.*—4 *Con. Rep.* 520–1, *Brackett* vs. *Norton.*—14 *Mass. Rep.* 455, *Frith* vs. *Sprague, admr.* It is admitted that decisions, in some

Bennington, Feb. 1828. ⎱ degree] conflicting have been made,
*Danforth et al. vs. Reynolds.* ⎰ but the cases in which such decisions were made, are generally, if not all of them, those in which the right or ground of action, or defence originated immediately in the provisions of the law to be proved, which would be difficult, if not impossible, to show in any way, but by the production of the law itself. And in many, if not in most of the cases, in which parol proof was not used, were those in which the foreign law was voluntarily produced, in which the question as to the mode of proof or exemplification thereof, was the point decided.

HUTCHINSON J. delivered the opinion of the court. This case presents a question in which the court have met with no difficulty ; and yet it is of some importance, in point of practice. Depositions are very frequently taken in the neighboring states to be used in this state ; and, when the form of caption required by our statute is not sent to be used as a guide, they will not be apt to conform to it, and must be rejected, unless taken according to the laws of the state where taken ; and, in that case, the party producing the deposition is under the necessity of showing to the court what the law is, to which he says he has conformed. That is, it must sufficiently appear to the court, in some way, that the caption conforms either to our own statute, or that of the state from which the deposition comes. It would be a sufficient disposal of the exception in this action, to notice that the statute of *Massachusetts* being now produced, this caption is in the most strict conformity to that statute. It has even copied a grammatical inaccuracy, using an adjective instead of an adverb in the expression "examined, cautioned and sworn *agreeable* to law." Whether the grounds of the decision of the County Court were right or wrong, their decision was correct. In such a case the court never grant a new trial and drive the party to take a different course, and arrive at the same result ; to present different grounds to the court to induce them to make the same decision. When an incorrect decision of the County Court may probably have produced a wrong determination of the cause, a new trial must be granted. But when it is certain that the decision has no such effect, but that justice has been done in the action, and that if a new trial were granted, the

same deposition must be admitted, and  { Bennington Feb. 1828.
the cause be determined the same way,  } *Danforth et al* vs. *Reynolds*
it would be injurious to both the parties to set the cause open for
another trial.

Probably the defendant's counsel did not expect to meet this
statute which thus obviates the difficulty of the plaintiffs' recovery.
And he has urged the objection in the shape in which it appeared
in the court below.   He urges that the statute of *Massachusetts*,
being a matter of record there, must be proved by the record, like
other matters of record in a sister state.   This would be correct,
upon principles of strict law, if the action were to be decided whol-
ly upon the statute; or, if the contract were made in that state, and
the defence urged was, that the contract was void by force of
that statute.   But this strict law is so far dispensed with by a course
of decisions in this and the neighboring states, as to admit the
statute books of another state, published by the authority of such
state, and used in her courts, as evidence of such statutes.   Such
are considered good evidence here.   It is for the convenience of
all parties that such should be the decisions.   There is very little
danger of any mistake in such printed books; and should there be
a mistake, a resort to the record would disclose and correct it.
Not only is it a hardship to the party, wishing to use such a stat-
ute, to be at the trouble and expense of a regularly certified copy
of the same, but it may be a hardship to the opposite party to have
the expense taxed against him in the bill of cost.   To this may
be added, that, in very few cases only are objections raised to re-
quire this proof; and it would be hard indeed for a suitor who
would not wish to raise such an objection, still to be obliged to pay
for the expense of guarding against it.

But, it must be observed in the case before the court, that no
right upon which the jury were to decide depended upon this stat-
ute.   The proof was to the court merely.   The deposition was
fairly taken, and the opposite party was present, and the plaintiff
needed only to convince the court that the form of the caption
conformed to the statute of *Massachusetts*.   The certificate of the
magistrate, so apparently regular, furnishes some evidence that he
was doing the business as he understood the law to be; yet this
would not be sufficient of itself, for the court could not know that

KK

Bennington, Feb. 1828.

*Danforth et al. vs. Reynolds.*

his doings were strictly correct. But the testimony of a witness who swears to his acquaintance with the statute of the state, where the deposition was taken, and that the caption in question conforms thereto, is abundantly sufficient. If the same fact is known to the court themselves, they may decide such a point upon their own knowledge without further proof. And if a mistake should occur, the fact correctly appearing, all would be set right by a new trial.

But it is urged that the witness only testified to his knowledge of the statute in the year 1814, and that so long a time after, an alteration of the law might be presumed. An alteration of such a statute, in daily use, is so improbable, we think the most fair presumption is, as the fact turns out to be, that it continues in force.

On the whole, the decision of the county court, admitting the testimony of the witness, and admitting the deposition, was correct in itself, and founded upon principles both correct and salutary in practice. Wherefore, the judgment of the County Court is affirmed.

   *Church,* for plaintiffs.

   *Isham,* for defendant.