Hopkinson, Adm'x, *v.* Watson et ux., Adm'rs.

DORCAS HOPKINSON, Administratrix of JOHN HUGH, *v.* H. L. WATSON and WIFE, Administrators of JESSE HUGH.

When a deposition is taken *ex parte*, the magistrate must certify the reason why the other party was not notified ; and the court cannot judicially take notice of any facts, as a reason for omitting to notify the party, which do not appear from the certificate.

The omision, in the certificate, of the *initial letter* of the middle name of a party, is no reason for rejecting the deposition, when the party is, in other respects, correctly described.

APPEAL from the decision of commissioners ; the declaration was in assumpsit ; plea, the general issue, and trial by the jury.

In the course of the trial, the defendants offered the deposition of Sarah Warren, which was objected to by the plaintiff, for the reason that it appeared in the caption of the deposition that no notice was given to the adverse party, and it was not certified that the adverse party lived more than twenty miles from the place of caption, as required by the laws of the state of New Hampshire, where the deposition was taken, in order to entitle the party to take the same *ex parte.* The objection was overruled and the deposition admitted. The same objection was made to several other depositions offered by the defendant, and was overruled by the court. The defendants also offered the deposition of Lucy Willard, which was objected to by the plaintiff, on the ground that the parties to the suit were not correctly described in the caption of the deposition, the initial of the middle name of Roxana H. Watson, one of the defendants, having been omitted ; which objection was overruled and the deposition admitted ; to all which decisions the plaintiff excepted.

After argument the opinion of the court was delivered by

WILLIAMS, Ch. J. We are satisfied the deposition of Sarah Warren was improperly admitted in evidence by the county court. The certificate does not state any reason why the adverse party was not notified. Our statute requires notice to the adverse party, if within thirty miles, whether the party resides within the state or not.

The statute of New Hampshire requires notice to the adverse party, unless the party is out of the state, and more than twenty miles from the place of caption, and from the party proposing to take the deposition. In this case the plaintiff was not notified, and it is not certified, by the magistrate taking the deposition, that the plaintiff resided out of the state, or more than twenty miles from the place of caption. As we cannot judicially take notice of any facts, to authorize the taking a deposition, which do not appear from the certificate, we cannot say there was any reason for taking this deposition *ex parte.*

The objection to the deposition of Lucy Willard is not valid. The parties were correctly described; and the omission of the initial letter in the middle name of Roxana H. Watson was of no consequence whatever. The admission of the deposition of Sarah Warren, and of the others similarly certified, was erroneous; and for these reasons the judgment must be reversed.