HON. JOHN PIERPOINT,
HON. JAMES BARRETT,  } ASSISTANT JUDGES.
HON. LOYAL C. KELLOGG, }

---

EVANS·MCCRILLIS *v.* ROBERT MCCRILLIS.

*Deposition.   Jurisdiction.   County Court.*

The form given in the statute for the certificate and caption of a deposition need not be literally and exactly followed, but all that it contains and requires should be substantially used and embraced in order to make a sufficient compliance with the law.

Where the caption stated that the deposition was "taken at the request of Robert McCrillis defendant, and to be used in an action now pending between him and Evans McCrillis plaintiff," &c., it was held to be a sufficient description of the cause in which the deposition was taken to be used, and of the parties thereto.

And where it stated that "the said deponent living beyond the jurisdiction of the court where the said action now pending is to be heard and tried is the cause,"

&c., it was held to be a statement of a sufficient statute cause for taking the deposition, it being equivalent to saying that the deponent resided out of this state.

ACTION ON THE CASE.   The only question discussed and decided in this case is as to the admissibility of certain depositions offered by the defendant.   The plaintiff objected to them for want of sufficient certificates and captions, insisting that the same were defective in the statement of the cause of taking the depositions, and also for not sufficiently describing the suit, and the parties therein.   The words of the captions were as follows, viz :  " Taken at the request of Robert McCrillis defendant, and to be used in an action now pending between him and Evans McCrillis plaintiff, before the county court next to be holden at Chelsea in and for the county of Orange, state of Vermont, on the 3d Tuesday of June, A. D. 1863."

" The said deponent living beyond the jurisdiction of the court where the said action now pending is to be heard and tried, is the cause of taking this deposition."

The court at the June Term, 1864, PECK, J., presiding, overruled the objections and admitted the depositions, and they were read to the jury,—to which the plaintiff excepted.

*C. W. Clarke*, for the plaintiff, cited *Whitney* v. *Sears*, 16 Vt. 591 ; *Barron* v. *Pettes*, 18 Vt. 385.

*R. McK. Ormsby*, for the defendant.

The opinion of the court was delivered by

POLAND, Ch. J.   The form given in the statute for the certificate and caption of a deposition is to be regarded as a part of the law of the state governing the taking of depositions.   But it has never been regarded as necessary that this form should be literally and exactly followed, but that all it contains and requires should be substantially used and embraced in order to make a sufficient compliance with the law.   And when it has been said that this mode of taking testimony was not favored, and that a strict compliance with the law would be required in order to render it admissible, no more was meant, than that it should appear fairly and reasonably upon the face of the certificate and caption, that it was taken for a cause recognized as sufficient by the statute, and that the proceedings for the taking were a substantial compliance with the requirements of the statutes on the

McCrillis *v.* McCrillis.

subject, including those provisions contained in the form. No mere verbal strictness, like that applied to dilatory pleas, has ever been allowed, but the question has always been, has there been a substantial compliance with the law, giving to the language used, a reasonable and sensible interpretation? In this case it is objected that the caption does not properly describe the cause in which the depositions are taken to be used, and the parties thereto. But the names of the parties are given correctly, and it is stated which is plaintiff and which is defendant, and at whose request the deposition was taken, and the court in which the action was pending is correctly described. We do not see how the parties could be better or more clearly described, or the pending action be better described.

It is also objected that the caption does not state a sufficient statute cause for taking the depositions. If the objection be a true one, it is a fatal one, for it is well established that the caption itself, without reference to anything else, must show the existence of a statute cause for the taking. The fact that the deponent resides without this state is a good cause for taking. The caption says: " The said deponent living beyond the jurisdiction of the court where the said action now pending is to be heard and tried is the cause," &c.

Is this equivalent to saying the deponent resided out of this state? We are of opinion that it is.

The county court, in which the caption describes the action as pending, in which the depositions are taken to be used, is a court of general jurisdiction, and its jurisdiction extends throughout the entire state. But the plaintiff urges that in certain actions the jurisdiction of the county court is limited, and local, and does not extend throughout the state, but is confined exclusively to the county in which the court is held, and that for aught appearing upon these captions, the action in which they were taken to be used might be one of that limited and local character. This argument has reference to actions of ejectment and trespass *quare clausum*, when by statute the action must be brought in the county in which the land which is the subject of the suit is situate. It is hardly correct to say that in such cases the jurisdiction of the court is limited by this provision of the statute to the county. Its jurisdiction over parties

10

McCrillis *v.* McCrillis.

is as general in that class of cases as any other, they may be residents of another county or of another state. So too its process in such case may run into any county and be served in any county of the state, and the authority and power of the court to compel the attendance of witnesses from any part of the state, by its officers and process, is the same as in any other class of actions.

We have statute provisions in relation to all classes of transitory actions, providing where the suit shall be brought; ordinarily in the county where one or the other of the parties reside, but it was never supposed that such provisions made the jurisdiction of the court in such cases in a legal and technical sense, a limited, and not a general one. But we think the fair and legitimate meaning of the language used in these captions, should be referred rather to the jurisdiction of the court to compel the attendance of witnesses, than to their jurisdiction over parties, or causes of action. The reason why parties are allowed to take the testimony of witnesses living out of the state, in this form, however short the distance may be from the place of trial in this state, is, that they cannot be reached by the process and officers of our courts, and compelled to attend and testify personally in court. Hence in the caption to a deposition, when it is said that it is taken because the witness lives beyond the jurisdiction of the courts of the state, the language should be construed in reference to the subject in hand, the inability of the court to compel the personal presence of the witness before them. In this sense there can be no question but that the language is equivalent to saying the witness lived *out of this state.* These views of the case render it unnecessary to decide whether if the depositions had been improperly admitted, the verdict ought to be disturbed thereby.

Judgment affirmed.