ERASMUS PLIMPTON, BY E. A. PLIMPTON, EXECUTOR, *v.* TOWN OF SOMERSET.

*Deposition.    Caption.    Reference.*

Where the caption stated that the deposition was taken to be used before three persons named as referees, but did not state whether the cause was a reference by rule of court, or by agreement of the parties, or before what court it was pending, or that a suit was pending before any court, it was *held* defective.

ACTION ON THE CASE against the town of Somerset to recover for injuries received by the deceased plaintiff, occasioned by the insufficiency of a highway in the defendant town.    Plea, the general issue.    Trial by jury at the September term, 1867, BARRETT, J., presiding.

· An act of the legislature, passed in 1856, authorized the county court in its discretion to refer to one or more commissioners any civil action pending therein.    Under this act this cause was, on motion of the plaintiff, referred by the county court to three commissioners, viz: Harmon Canfield, Joseph Dodge, and John S. Pettibone, which reference was ordered by said court at the April term thereof, in 1857.    And on the 17th day of August, 1857, said cause was heard before said commissioners, and at the September term of said court, 1857, said commissioners filed their report awarding damages to the plaintiff, and upon said report the plaintiff, by consideration of said court, recovered judgment. Exceptions were taken by the defendants to the reference of said cause, on the ground that the law authorizing said reference was unconstitutional and void, and the supreme court ultimately held upon said exceptions that said law was unconstitutional and void, and that said reference and the trial before said commissioners was void, and the judgment upon said report was reversed and the cause remanded to the county court for trial.

The defendants offered the deposition of one Marsh, which was taken to be used before said commissioners.    The plaintiff objected to said deposition on two grounds.    *First*, because it did not appear by the caption annexed to said deposition, that it was

taken to be used in any cause pending in any court, or that it was taken to be used before said Canfield, Dodge and Pettibone, as commissioners appointed by any court. And *secondly*, because it was not taken to be used in this cause, but was taken to be used before Harmon Canfield, Joseph Dodge, and John S. Pettibone, who had no authority, either by agreement of parties, or by virtue of any authority conferred upon them by law, to hear and determine said cause.

The court *pro forma* admitted said deposition and permitted the same to be read to the jury by the defendants, intimating to the defendants' counsel that, with his present views, in his judgment, a verdict for the defendants could not be retained if the deposition was used in said cause. The jury returned a verdict for the defendants.

The following is the caption of A. H. Marsh's deposition:

" The above and foregoing deposition is taken at the request of the town of Somerset, to be used in a cause to be heard and tried by Harmon Canfield, John S. Pettibone, and Joseph Dodge, referees, at Ober's Inn, in Wardsboro, in the county of Windham, and state of Vermont, on the 17th day of August, 1857, in which cause Erasmus Plimpton is the plaintiff and the town of Somerset is the defendant.

" The deponent, living without the state of Vermont and more than thirty miles from the place of trial, is the cause of taking this deposition. And the adverse party was notified and attended by counsel. Certified by
URIEL DEXTER, Justice of Peace."

*H. E. Stoughton,* for the plaintiff.

To render a deposition admissible in evidence it must appear by the certificate and caption in what court it is to be used. *Sanders* v. *Howe,* 1 D. Chip., 363; *Clark* v. *Brown,* 15 Vt., 658; *McCrillis* v. *McCrillis,* 38 Vt., 136; *Hopkinson* v. *Watson,* 17 Vt., 91; *Austin* v. *Slade, admr.,* 3 Vt., 68.

It must therefore fairly and reasonably appear, from the certificate and caption, that a cause is pending in which a deposition could by law be taken. It must appear in what court said cause was pending. It must appear and be shown, by said certificate and caption, who are the parties to said cause, and that the de-

ponents live out of the state, or more than thirty miles from the place of trial, and the cause in which it is offered must be the same cause in which it was taken.  *Barron* v. *Pettis*, 18 Vt., 385 ; *Skinner* v. *Tucker*, 22 Vt., 78.

*Abishai Stoddard, Flagg & Waterman*, and *Field & Tyler*, for the defendant.

The caption of the Marsh deposition is in substantial compliance with the statute, for it leaves no doubt as to the tribunal in which it is to be used.   Comp. Sts. 619, form 29 ; *Mc Crillis* v. *Mc Crillis*, 38 Vt., 136.   The caption should be correct in naming the suit, but where from the facts there can be no uncertainty as to the suit, the deposition should be admitted.   *Buckingham* v. *Burgess*, 3 McLean, 368, cited in 7 U. S. Dig., 228.   In *Clark* v. *Brown*, 15 Vt., 658, the *time* of the session of the court was not stated in the caption ; and in *Chandler* v. *Spear*, 22 Vt., 388, the *place* of holding the court was omitted ; and in each case the caption was held sufficient.   The deposition, then, having been taken to be used before the referees, was proper evidence in the trial in the county court.   *Walsh et al.* v. *Pierce*, 12 Vt., 130 ; *Skinner* v. *Tucker*, 22 Vt., 78 ; *Brigham* v. *Abbott*, 21 Vt., 455 ; *Churchill* v. *Briggs*, 24 Vt., 498.

The opinion of the court was delivered by

WILSON, J.   The only question presented by the exceptions is whether the deposition of Asa W. Marsh was properly admitted as evidence by the county court.   Section 2 of chapter 36 of the General Statutes provides that " any deposition taken for either of the reasons, and in the manner provided (by the statutes) shall be admissible as evidence in any civil cause for which it shall be taken."   In order to render a deposition admissible as evidence, the statute requires that the caption of the deposition shall show, among other things, " the style of the court, or name of the justice, or description of the board, or auditors, or referees, by whom the cause is to be tried, the time and place of the session, and names of the parties ;" and there must be at least a substantial compliance with the requirements of the statute in respect to the

manner of taking a deposition, and in its certificate and caption, or the deposition should be rejected. It is clear, we think, that the deposition of said Marsh was not admissible as evidence in the trial of the cause in the county court. The case states that this cause was referred to Harmon Canfield, Joseph Dodge and John S. Pettibone, as *commissioners,* under the act of 1856. The caption of the deposition states that the deposition was taken to be used in a cause to be heard and tried by Harmon Canfield, John S. Pettibone and Joseph Dodge, *referees,* but it does not state whether it was a reference by rule of court, or by agreement of the parties; it does not state before what court the cause was pending, or even state that a suit was pending before any court. It will be seen, on reference to the Act of 1856, that the powers and duties of commissioners under that act were entirely different from those of referees, in any case where referees could be legally appointed. If the deposition had been taken to be used in the county court in this cause, a statement in the caption, that the cause so pending in the county court was to be tried by commissioners, would not render the deposition inadmissible as evidence in the county court, notwithstanding the commissioners had no authority to try the case. But the caption stating that the deposition was taken to be used before three persons named as *referees,* and not referring to this cause as the one in which referees had been appointed, or in which the deposition was to be used, there is nothing to connect the deposition with the suit in the county court, and the caption is as defective, by reason of not referring to the suit, as it would be if it had simply stated that the cause was to be tried by a board of arbitrators.

The judgment of the county court is reversed, and the cause is remanded.