## MOSES JOHNSON *v.* MILTON F. PERRY.

### *Assault.    Deposition.*

1.  A deposition taken on a day other than that named in the citation, unless it shows a legal continuance, is not admissible.    Nothing is presumed; the deposition must show that the statute has been complied with.
2.  When a deposition is taken in another State, and it does not purport to have been taken according to the laws of such State, it will not be presumed to have been so taken; but such laws are facts to be determined by the County Court from its own knowledge or from proper evidence
3.  The plaintiff peaceably entered the defendant's mill yard, and loaded some slab-wood on his sled.    The wood, on the defendant's testimony, was in the actual possession of the plaintiff.    In an action of trespass for an assault committed upon the plaintiff by the defendant while attempting to throw the wood off, it was held error for the court to submit the question of possession to the jury.
4.  Having possession of the wood, the plaintiff could maintain the possession, if it was not through his fault that it was in the defendant's mill yard; and the presumption is that it was not through his fault.

TRESPASS, for an assault and battery.    Plea, general issue and notice.    Trial, March Term, 1881, TAFT, J., presiding.    Verdict and judgment for the defendant.

The plaintiff claimed, and his testimony tended to show, that in March, 1879, he had a quantity of slab-wood in the mill yard of the defendant ; that he went and loaded a part of a load, when the defendant told him he might have that load, but if he took any more he should charge him fifty cents a load for it ; that he told the defendant he should not pay for his own wood, and thereupon the defendant told him he should not allow him to take what he then had loaded upon his sled, and thereupon the defendant assaulted him.

The defendant claimed, and his testimony tended to show, that the plaintiff had drawn away all the wood that belonged to him, and that the wood in controversy belonged to him, defendant ; that he so informed the plaintiff on the day before the alleged trespass, and again on the day of said trespass ; that when he saw plaintiff putting on the load in controversy, he told him if he

would go away and have no trouble about it, he might have that load, but if he took any more he should charge him fifty cents a load for it; that plaintiff told him he should take it if he found any sawed, whereupon the plaintiff forbade his taking any more, and told him, as he had said so much about it, he could not have the wood then on his sled, and commenced throwing it off; that the plaintiff then assaulted him; and that then the defendant seized the plaintiff and threw him to the ground, acting in necessary self-defence, using no excess of force, and doing no unnecessary injury.

The charge of the court is stated in the opinion.

*H. F. Wolcott*, for the plaintiff.

The plaintiff's request should have been complied with. *Yale* v. *Seeley*, 15 Vt. 221; *Hodgeden* v. *Hubbard*, 18 Vt. 504.

In the case of *Yale* v. *Seeley*, the defendant had the right to go on the land of plaintiff to get his poles, so plaintiff might go to the mill and get his slab-wood which was sawed there. The case of *Hodgeden* v. *Hubbard* is a much stronger case than this.

It should be borne in mind that the State is not a party to this action; but it is between the plaintiff, peaceably and rightfully seeking to get his property, and the defendant wrongfully detaining it from him. The right to the possession of one's own property is certainly greater than any assumed right in another to deprive him of it. The defendant doing a wrong, inviting, courting and causing a breach of the peace, ought not to be permitted to set up his own wrong in his defence. We say that as between these two parties, the defendant was the aggressor, and is liable for his acts. It is true the court in *Dustin* v. *Cowdry*, 23 Vt. 631, criticises the application of the law to the facts in the cases before mentioned, but that case arose under a special statute, and is not an authority here.

*E. L. Waterman*, for the defendant.

The court properly refused to charge as requested, and in the charge as excepted to, stated the law on that subject very accu-

rately.    It was the same in substance as the law was stated by
Lord KENYON, in *King* v. *Wilson*, 8 Term, 358, that "no one
shall with force and violence assert his own title."    The same
doctrine is forcibly stated by Judge REDFIELD, in *Dustin* v. *Cow-
dry*, 23 Vt. 631; "He who is out of possession cannot lawfully
fight himself into even a legal possession."

In *Lampson* v. *Henry*, 11 Pick. 379, the court say that the law
does not allow any one to break the peace and forcibly redress
his private wrongs.    He may make use of force to defend his
lawful possession, but being disposessed he has no right to re-
cover possession by force and by a breach of the peace.    This
principle applies to the possession and dispossession of personal
property.  , See *Hyatt* v. *Wood*, 3 Johns. 239.

Whenever force is used to gain possession of a thing, the force
may be opposed with force, without more ado, although the per-
son using the force has a right to the possession he seeks to
acquire.    *Green* v. *Goddard*, 2 Salk. 641; Ham. N. P. 144.

The opinion of the court was delivered by

ROSS, J.    I.    On the facts found by the County Court, the dep-
osition of F. X. Massey was properly excluded.    Having been
taken on a day other than the day named in the citation, it stood
the same as if taken without notice, unless a legal continuance is
to be presumed.    But no presumptions are made in favor of the
regularity of the proceedings resulting in the taking of deposition
further than what appears in the caption.    It is only by force of
the provisions of the statute that depositions are admissible in evi-
dence, and then only when taken in compliance with those provis-
ions.    It is not contended that this deposition is taken according
to the provisions of the statutes of this State, as in such a case
the continuance, if one was had, should appear in the caption ;
but it is contended that inasmuch as they are to be admitted in
evidence, if taken according to the laws of the State in which they
are taken (R. L. s. 1025), and this deposition was taken in the
State of Colorado, it is to be presumed, that the laws of Colorado
provided for a continuance of the taking without that fact appear-
ing in the caption.    From the statement in the exceptions it does

not appear that the deposition purported to be taken according to the laws of Colorado ; and unless it so appears, the laws of Colorado, if differing from the laws of this State, and that the deposition is taken in accordance therewith, are facts to be determined by the County Court from its own knowledge of such laws, or from proper evidence thereof. *Danforth* v. *Reynolds*, 1 Vt. 259 ; *Barron* v. *Pettes*, 18 Vt. 385 ; *Smith* v. *Potter*, 27 Vt. 304.

II. The testimony of both parties was to the effect that the assault grew out of the attempt of the defendant to throw some slab-wood from the plaintiff's sled. The plaintiff's testimony tended to show that this slab-wood belonged to him ; and also that the defendant made the first assault. The testimony of the defendant tended to show that this slab-wood was his property, and that he commenced to throw the same from the plaintiff's sled, where it had just been placed by the plaintiff, whereupon the plaintiff assaulted the defendant, and that he then acted in self-defence. The slab-wood was in the defendant's mill-yard, and the plaintiff was there with his team and sled to draw it away. If the wood was the property of the plaintiff, it does not appear how it came in the defendant's mill-yard, but presumably from logs which he had drawn to the defendant's mill to be manufactured. Under this state of the evidence the plaintiff requested the court to charge the jury that : " If they find that Johnson owned the wood he would have the right to go into the mill-yard, or mill premises, and take it way ; and if defendant resisted him, Johnson would have the right to use such force as was necessary to take the wood, and if Perry interfered with him to prevent his taking the wood, he became the aggressor, and liable for the injuries to Johnson in so doing."

The court declined to charge in accordance with this request ; but told the jury that if the property was in the possession of the defendant, the plaintiff would have no right to assault him for the purpose of getting it, and said : " So you will first determine who had the actual possession of this wood about which the parties were in controversy. If the defendant had it and he first made the assault, and it was committed in defence of his possession, and

he used no excess of force over what was necessary to make such a defence, then he is not liable, and. you should return a verdict for the defendant." To the refusal to charge as requested, and to the charge detailed the plaintiff excepted. We think the ex-. ception was well taken and should be sustained. It is to be observed that no question is raised as to the right of the plaintiff to enter the mill-yard of the defendant with his team ; nor did the parties differ in regard to, in whose possession that portion of the wood was over which the controversy and assault arose. The plaintiff had peaceably entered the mill-yard, and had peaceably loaded the wood upon his sled, and the assault grew out of the attempt of the defendant to throw this wood from the sled. There was no question to be submitted to the jury in regard to which party had the possession of this wood. It was, on the defendant's testimony in the actual possession of the plaintiff, and peaceably so. If it was his wood, he had the right to maintain that possession against the defendant and every one else. If the assault had arisen over the wood, not on the sled, claimed by both parties, there might have been a question to be submitted as to which party had the possession. The general doctrine established by the decisions of this court in regard to the right of the owner to use force to regain possession of personal property, seems to be, that he may use all necessary force to regain such possession, if it is seasonably exercised, and if he is no wise in fault, for its being in the possession of the other party. *Hodgeden* v. *Hubbard et al.*, 18 Vt. 504; *Richardson* v. *Anthony*, 12 Vt. 273 ; *Yale* v. *Seeley et al.*, 15 Vt. 221.

Although it does not appear how the wood—if the plaintiff's property—came to be in the defendant's mill-yard, yet on the authority of *Richardson* v. *Anthony*, it would seem, the presumption would be, that it was without the plaintiff's fault rather than the reverse. We are aware that, by Judge ISAAC F. REDFIELD, in the opinion in *Dustin* v. *Cowdry et al.*, 23 Vt. 631, the decision in *Hodgeden* v. *Hubbard et al.* and *Yale* v. *Seeley et al.*, are somewhat criticised, although not overruled. On the doctrine of these cases the plaintiff was entitled to have his request, complied with, if the additional qualification be added, that he was without fault

for the wood being in the defendant's mill-yard.   But even if the doctrine of these cases should be finally held to be unsound,—and we have no occasion here for determining or intimating whether it is so, or not—it was clearly error for the court to submit to the jury to determine which party had possession of the wood over which the controversy and assault arose.   If the wood on the sled belonged to the plaintiff, he clearly had the right to maintain his possession to it, when the defendant attempted to throw it from the sled.

. The judgment is reversed, and the cause remanded.