ARTHUSA CLARK'S ADMR. *v.* WILMINGTON SAVINGS BANK.

January Term, 1915.

Present: POWERS, C. J., WATSON, TAYLOR, SLACK, AND HEALY, JJ.

Opinion filed March 1, 1915.

*Depositions in Perpetuam—Admissibility in Evidence— Statutory Requirements—Construction—Recording—Necessity—Filing as Equivalent—Harmless Error—Improper Admission of Deposition—Construction of Instructions.*

A deposition *in perpetuam* taken in another state, but not recorded as provided by P. S. 1625-1630, is not admissible in evidence.

Statutory authority to take testimony by way of deposition is in derogation of the common law and so should be strictly construed.

The mere filing in the proper county clerk's office of depositions taken *in perpetuam* in another state, under P. S. 1625-1630, is not a compliance with the requirement that they be recorded in that office within the time limited.

The improper admission in behalf of plaintiff of a deposition that directly contradicted the claims made by defendant was prejudicial error.

The whole charge must be considered in disposing of an exception to a designated instruction.

GENERAL ASSUMPSIT. Pleas, the general issue and payment. Trial by jury at the April Term, 1914, Windham County. *Stanton,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The deposition in question was filed

in the Windham County Clerk's office on December 31, 1910. The opinion states the case.

*O. E. Butterfield* and *Chase & Chase* for the defendant.

*Homer Sherman* and *E. W. Gibson* for the plaintiff.

SLACK, J.   This is an action of general assumpsit, brought to recover the amount of a deposit which the plaintiff's intestate formerly had in the defendant bank. Plea, general issue and payment, and special plea of payment to one Charles Clark, upon the written order of the intestate.

On the first day of January, 1908, the plaintiff's intestate, Arthusa Clark, had a deposit in the defendant bank, amounting to $548.34. On that day Charles Clark, a stepson of the intestate, presented to the defendant an order in writing of the following tenor, to wit: "The Wilmington Savings Bank. Upon presentation of my deposit book, pay to Aaron L. Clark or order, all the money due on book No. 2677, of my deposit in your bank. Arthusa V. Clark, depositor. John W. Cram, witness. Dated December 30, 1907," together with the deposit book of the intestate described in said order, and thereupon the defendant paid him the amount of said deposit. The Aaron L. mentioned in said order was the husband of the intestate, and the father of Charles. On the day that said order purports to have been executed, and on the day when it was paid, both the intestate and her husband were ill with typhoid fever, and the intestate died January 10, 1908. The defendant's evidence tended to show that the intestate gave this order to her husband and that Charles acted for him in demanding and receiving said money, and that the defendant was justified in paying the money to Charles. The plaintiff's evidence tended to show that the intestate was not mentally responsible when she signed said order, and did not know the nature of her act; that her signature thereto was procured by the wrongful and fraudulent act of Charles; that Aaron never had any knowledge of said order until long after the defendant had paid the same; that Charles was not authorized by Aaron, or anyone else, to draw said money from said bank, and that the bank did not use due care and diligence, in paying the order, to protect the interest of the intestate.

A deposition of Aaron L., taken *in perpetuam* in Massachusetts on the 27th day of August, 1910, but not returned and filed in the proper clerk's office until December 31, following, was received in evidence, subject to defendant's objection and exception, that it never had been recorded as required by our statute.

Sections 1625-1630 P. S. prescribe the manner of taking testimony *in perpetuam,* in this State. The latter section provides that "the depositions taken and certified as prescribed in the five preceding sections, with the certificate thereon, and order of notice and affidavit appended thereto, shall, within ninety days after the taking thereof, be recorded in the office of the clerk of the county where the land lies, if the deposition relates to real estate, otherwise in the county where the matter in controversy is pending or likely to arise. The deposition so taken and recorded, or a certified copy thereof, may be used," etc.

It is urged by the plaintiff that this statute as to recording is merely directory. He loses sight of the well established doctrine that the authority to take testimony by way of deposition is in derogation of the rules of the common law and has always been strictly construed. This objection having been interposed, it was necessary for him to show that this requirement of the statute had been complied with, or the testimony was not admissible. *Johnson* v. *Perry,* 54 Vt. 459; *Bell* v. *Morrison,* 1 Pet. (U. S.) 355, 7 L. ed. 174; *Lawrence* v. *Finch,* 17 N. J. Eq. 234; *Emmett* v. *Briggs,* 21 N. J. L. 53; *The Saranac,* 132 Fed. 936; *Maultsby* v. *Carty,* 30 Tenn. (11 Humph.) 361; *Stevenson* v. *Ill. Cen. R. Co.,* 163 S. W. 747; *Simpson* v. *Carlton,* 1 Allen 109, 79 Am. Dec. 707. This he failed to do, as it does not appear either from the exceptions, or the transcript, which is made a part of the case, that this deposition had ever been recorded.

The plaintiff further contends that the filing of depositions taken under this statute is a compliance with the requirement that they be recorded. Such, however, does not seem to have been the intention of the framers of our present statute on this subject.

The language is clear, and positive. It provides that such depositions shall be recorded, and that when so recorded they may be used in evidence, etc. The substance of what is section

1630 P. S. is to be first found in Gen. Stats. Chap. 36, §39. For more than forty years prior to 1862 our statutes relating to depositions *in perpetuam* merely required that they be filed in the proper clerk's office "as soon as may be" after taken. This change in phraseology was not made without a purpose. And it is apparent that that purpose was to make the recording of such deposition, within the time prescribed, essential to its use as evidence.

We are not aware that this statute has ever been construed by our courts. A statute with a similar provision, as to recording, was before the court in *Bradstreet* v. *Baldwin,* 11 Mass., where the court said at p. 233, "The statute provisions respecting depositions taken *in perpetuam* were not punctually observed; and the deposition admitted at the trial, not having been recorded within the term prescribed, was not in that authentic form which the law requires," and the deposition was held inadmissible. In *Simpson* v. *Dix,* 131 Mass. 179, a deposition taken according to the provisions of the Massachusetts statute for perpetuating testimony was offered in evidence, and excluded, because not properly recorded. After recognizing the rule enjoining a strict compliance with statutory requirements in the use of depositions, in general, the court there observes that "It applies with even more force to depositions taken *in perpetuam.*" It then adds, "Such a deposition taken under a commission from this Court is evidence only in case it has been recorded in the registry of deeds by order of the Court. Gen. Stats. c. 131, §§57, 58. The deposition was not ordered to be recorded, but a motion to have it recorded was denied by the Court. This prevented the deposition from becoming a valid deposition *in perpetuam,* and the subsequent recording of it, without the order of the Court, did not give it validity." In *Gould* v. *Gould,* Fed. Case No. 5637 (Circuit Court D. Mass.) it was held that a deposition *in perpetuam* taken in Mass. but not recorded within the time fixed by Rev. Stats. of Mass. (1836) c. 94, §§34-37, was not admissible. In *Winslow* v. *Marshall,* 19 Me. 151, it was held that a deposition *in perpetuam* taken by a notary public and recorded in a book kept by him in compliance with the statute of that state requiring notaries to record all their notarial acts, and depositions taken by them, in a book kept for that purpose, but not recorded in the registry of deeds

as required by Stats. 1821 c. 85 concerning the taking of depositions *in perpetuam* in general, was not admissible.

The deposition in the case before us should have been excluded for the reason stated in the exception.

But the plaintiff says that if it was improperly admitted the error was harmless. We do not so regard it. This evidence was in square contradiction of the claims made by the defendant, and we cannot say that the defendant was not harmed thereby.

While that portion of the charge to which the defendant excepted, standing alone, might be objectionable, the transcript of the entire charge is made a part of the bill of exceptions and is to control. We must therefore consider the language, which is the subject of the exception, in connection with all that the court said on this subject. When so considered, in connection with the requests to charge, submitted by the defendant, we are satisfied that the exception is without merit.

*Judgment reversed and cause remanded.*