LAND FINANCE CORPORATION *v.* ST. JOHNSBURY WIRING COMPANY.

February Term, 1927.

Present:   WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed May 4, 1927.

*Depositions—Caption—Presumption as to Conformity to Law of Another State—Question Not Raised Below—Continuance—Abuse of Discretion.*

1.   Where deposition, taken outside State under authority of G. L. 1915, lacked substantial compliance with requirements of G. L. 1923, and Form 32 of G. L. 7472, its exclusion on ground that it had no caption *held* proper.

2.   Where deposition taken outside State contained nothing to show that it had been taken in accordance with law of state where taken, and no proof was offered to that effect, no presumption exists that deposition was so taken.

3.   Claim that deposition had been taken in accordance with law of state where taken, not having been raised and determined in trial court, will not be considered on review by Supreme Court.

4.   Where deposition offered by plaintiff was properly excluded because of lack of caption, and it then became inevitable that he would be cast without proof which it contained, refusal of court to grant continuance upon such terms as would make defendant whole *held* abuse of discretion.

5. Although question of granting continuance lies in discretion of trial court, its decision thereon will be reviewed by Supreme Court when abuse of such discretion is claimed.

ACTION OF CONTRACT. Answer, failure of consideration, misrepresentation and fraud. Trial by jury at the June Term, 1926, Caledonia County, *Thompson,* J., presiding. Verdict directed for defendant, and judgment thereon. The plaintiff excepted. The opinion states the case. *Reversed and remanded.*

*Sumner E. Darling, Jr.,* for the plaintiff.

*Searles & Graves* for the defendant.

FISH, J. This is an action in general assumpsit brought to recover on a trade acceptance given by the defendant to the Autocrat Sales and Distributing Corporation and indorsed by the latter to the plaintiff before maturity. The defendant filed an answer setting up failure of consideration, misrepresentation and fraud in the inception of the trade acceptance between the original parties thereto. The trial was by jury with a directed verdict for the defendant. The plaintiff saves two questions for the consideration of this Court. One is to the exclusion of a deposition because of the lack of a caption thereto, and the other to the refusal to grant a continuance.

[1] The plaintiff introduced the trade acceptance and rested. Thereupon the defendant introduced evidence tending to show that the Autocrat Sales and Distributing Corporation had obtained the acceptance from the defendant by fraud and that there had been a failure of consideration. It did not appear that the plaintiff had been a party to any fraud or illegality affecting the instrument, and in rebuttal it offered to show that it was a holder in due course under the Negotiable Instruments Act (See *Harponola Company* v. *Wilson,* 96 Vt. 427, 120 Atl. 895). The evidence offered for this purpose was a deposition of the plaintiff's president and treasurer, Leopold Blumberg. To its admission the defendant objected on the sole ground that it had no caption and it was excluded.

1. The lack of the caption made the deposition inadmissible, and its exclusion was not error. The deposition was taken in New York City, upon notice to the defendant, before Alexander H. Rockmore, a notary public. The defendant appeared by

counsel and cross-examined the deponent, who gave his testimony under oath and subscribed his deposition, but in place of the certificate and caption required by our statute appeared only the following jurat: "Sworn to before me this 8th day of April, 1926. Alexander H. Rockmore, Notary Public." G. L. 1915 provides that depositions of witnesses living without this State, if taken agreeably to the laws of this State, or of the state or country in which they are taken, shall be allowed in any court. G. L. 1923 makes provision, among other things, that the authority taking a deposition shall certify the same in the form prescribed by law. Form 32 of G. L. 7472 is the prescribed form for the caption and certificate of the magistrate taking a deposition. It is as follows:

"STATE OF VERMONT, ⎰ At........in the county of.......
............ County, ss ⎱ this.....day of.....A. D. 19...,
personally appeared A. B., and made oath that the foregoing deposition, by him subscribed, contains the whole truth, and nothing but the truth.

> Before me,
>> C. D., Justice of the Peace.
> (Or other officer, as the case may be.)

The above deposition is taken at the request of E. F., to be used in a cause to be heard and tried by (here insert the style of the court, or the name of the justice, or the description of the board, etc., by whom the cause is to be tried and the time and place of the session); in which cause ................ is plaintiff, and ................ is defendant. The deponent living more than thirty miles from the place of trial, or, (here insert the cause of taking the deposition, as the case may be) is the cause of taking the deposition; and the adverse party was (or was not) notified, and did (or did not) attend.

> Certified by,
>> C. D., Justice of the Peace."

This form was prescribed in the Revision of 1797, chapter III, section 82, and has remained practically unchanged from that time until the present. This Court at an early date (1826) had occasion to pass on the subject of the admission of depositions in evidence in *Pingry* v. *Washburn*, 1 Aiken, 264, 268, 15 A. D. 676, and speaking therein said:

"Depositions are, by our statute, admitted as evidence contrary to the rules of the common law, and they are a kind of

testimony, not highly favored. A strict and literal compliance with the statute is necessary \* \* \* \* \*."

The subject was again under review in *McCrillis* v. *Mc-Crillis*, 38 Vt. 135, wherein this Court modified its earlier decision by holding that there must be a substantial compliance with the statute in order to admit a deposition in evidence. In this case the Court said:

"The form given in the statute for the certificate and caption of a deposition is to be regarded as a part of the law of the state governing the taking of depositions. But it has never been regarded as necessary that this form should be literally and exactly followed, but that all it contains and requires should be substantially used and embraced in order to make a sufficient compliance with the law. And when it has been said that this mode of taking testimony was not favored, and that a strict compliance with the law would be required in order to render it admissible, no more was meant, than that it should appear fairly and reasonably upon the face of the certificate and caption, that it was taken for a cause recognized as sufficient by the statute, and that the proceedings for the taking were a substantial compliance with the requirements of the statutes on the subject \* \* \* \* \*."

That this Court has always insisted on either a literal or substantial compliance with the statute, whenever questions have been brought to it thereon for review, the following cases attest: *Sanders* v. *Howe*, 1 D. Chip. 363; *Swift* v. *Cobb*, 10 Vt. 282; *Haskins* v. *Smith*, 17 Vt. 263; *Plimpton* v. *Town of Somerset*, 42 Vt. 35; *Chipman* v. *Tuttle*, 1 D. Chip. 179; *Hopkinson* v. *Watson*, 17 Vt. 91; *Whitney* v. *Sears*, 16 Vt. 587; *Barron* v. *Pettes*, 18 Vt. 385; *Lund* v. *Dawes*, 41 Vt. 370; *Oatman* v. *Andrews*, 43 Vt. 466; *Danforth* v. *Reynolds*, 1 Vt. 259; *Pike* v. *Blake*, 8 Vt. 400; *Johnson* v. *Perry*, 54 Vt. 459; *Clark's Admr.* v. *Wilmington Savings Bank*, 89 Vt. 6, 93 Atl. 265; *Streeter's Dependents* v. *Hunter*, 93 Vt. 483, 108 Atl. 394.

The plaintiff says that the magistrate certified to a sufficient number of facts so that it can be said that the deposition has a caption. The facts relied on are that the deposition shows the names of the parties to the suit; the place and time of taking the deposition; the name of the deponent; that he was an officer of the plaintiff; that he was its attorney; that he was duly sworn; that the defendant appeared by its attorney at the taking of the deposition; that the deposition was taken in behalf of the plain-

tiff; that the deponent signed the deposition and took oath to the same; and that the deposition was taken pursuant to notice served on the defendant. None or all of these facts bring the deposition within the provisions of the statute requiring a caption and certificate by the magistrate before whom the deposition is taken.

[2] The plaintiff makes numerous other claims in favor of the admission of the deposition, one of which is that it should be presumed that the deposition was taken according to the law of New York. This is not the law. There is nothing in the deposition to show that it was taken in accordance with the New York law, and no claim was made and no proof offered at the trial court that this was the case. Had this claim been made below it would have been a fact to be determined by the county court either from its own knowledge of the New York law or from proper evidence thereof. *Johnson* v. *Perry,* 54 Vt. 459, 461; *Danforth.* v. *Reynolds,* 1 Vt. 259; *Barron* v. *Pettes,* 18 Vt. 385; *Smith* v. *Potter,* 27 Vt. 304, 65 A. D. 198.

[3-5] The plaintiff, without having raised the point in the county court or cited authorities in his brief, attempted in this Court on oral argument to show that the deposition was taken in accordance with the laws of New York. As this question was not raised in nor decided by the county court, it is not here for consideration. *Hogan & Hogan* v. *Sullivan,* 79 Vt. 36, 38, 64 Atl. 234; *Manning* v. *Leighton,* 66 Vt. 56, 58, 28 Atl. 630.

2. The plaintiff claims that the refusal to grant a continuance was an abuse of discretion, and in this claim we coincide. When the trial had reached a stage where it was inevitable that the plaintiff was cast without the proof which the deposition contained, he asked for time in which to get the deponent from New York to testify in the case. This the court denied and said the most it could do would be to discharge the jury and continue the case. This the plaintiff said it would like to have done. The court said this could be done on such terms to the defendant as would make it absolutely whole, to which the plaintiff assented. Objection was then made on the part of the defendant that inasmuch as the plaintiff had rested with full knowledge of the facts and asked for a directed verdict that the plaintiff had waived as a matter of law any right to a continuance. The plaintiff then asked to withdraw his motion and his rest and to be allowed a continuance. This the defendant opposed and said if the mo-

tion was to be granted that the terms should be settled and paid immediately. Upon a consideration of the case the court denied the request of the plaintiff to withdraw his rest and his motion for a continuance and directed a verdict against the plaintiff, both sides conceding that there was no question for the jury as the case then stood. In so doing the court was in error. It is true that the question of granting a continuance is within the discretion of the court, but when its abuse is claimed as here this Court will consider it on review, and in several recent cases a new trial has been granted on this ground where a party was prevented from making his defense. Such a case was that of *Massucco* v. *Tomassi,* 78 Vt. 188, 62 Atl. 57, where the defendant was given a new trial on a petition therefor because prevented from appearing in court to make his defense on account of sickness and the death of his father. Another case is that of *State* v. *Pierce,* 88 Vt. 277, 92 Atl. 218, where a new trial was granted on the refusal of the court to grant a continuance because of the absence of a material witness. The case of *Phelps* v. *Utley,* 92 Vt. 40, 101 Atl. 1011, is the latest one on this question, and here this Court granted a new trial on the failure of the trial court to give an opportunity to the defendant to meet evidence of a new issue of fact in which the defendant was taken by surprise.

The case of *Harrington* v. *Kingsbury,* 2 Tyler, 426, is identical with this. In this case this Court held that it was a good cause for continuance on the part of the plaintiff under the rule to pay costs, that he had taken a deposition in another state, the caption of which proved defective, if the subject-matter of the deposition was not primarily necessary to maintain his declaration, but had been rendered necessary to rebut testimony adduced by the defendant, and it had been exhibited to the defendant's counsel, who had refused to waive exceptions to the caption.

*Reversed and remanded. Let the plaintiff recover his costs in this Court.*